## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**ARNOLD E. FELDMAN, M.D., SOUTHWEST**          **PLAINTIFFS**
**MISSISSIPPI ANESTHESIA, P.A., and SOUTHWEST**
**MISSISSIPPI ANESTHESIA, P.A., INC. d/b/a**
**THE FELDMAN INSTITUTE**

**VS.**          **CIVIL ACTION NO. 5:17-cv-00009-DCB-MTP**

**RITE AID HDQTRS CORP. D/B/A RITE AID PHARMACY;**
**WALGREENS PHARMACY; MISSISSIPPI CVS PHARMACY,**
**LLC D/B/A CVS PHARMACY; FRED'S OF NATCHEZ, INC.**
**D/B/A FRED'S PHARMACY**          **DEFENDANTS**

## MEMORANDUM BRIEF IN SUPPORT OF
## DEFENDANT WALGREEN CO.'S MOTION TO DISMISS

Defendant Walgreen Co. (incorrectly named as Walgreens Pharmacy) ("Walgreens"), by and through counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits its Memorandum Brief in Support of its Motion to Dismiss the Plaintiffs' Complaint filed against it as follows:

### I. INTRODUCTION

Arnold E. Feldman, M.D. ("Dr. Feldman), who is an anesthesiologist, alleges that he operates large chronic pain management practices in Mississippi and Louisiana. (Dkt. No. 1-1, Plaintiffs' Complaint at ¶9). In Louisiana, Dr. Feldman operates The Feldman Institute and First Choice Surgery Center, LLC. *See id.* In Mississippi, Dr. Feldman operates Southwest Mississippi Anesthesia Associates. *See id.* Plaintiffs contend "the defendant pharmacies have refused to honor Dr. Feldman's prescriptions or have placed undue restrictions on said prescriptions." *See id.* Plaintiffs, therefore, seek to enjoin Walgreens from "refusing to honor Dr. Feldman's prescriptions or from placing undue restrictions on those prescriptions, including placing geographic limits on Dr. Feldman's patients." *See id.* at ¶17. Plaintiffs also seek a

declaratory judgment entitling them to "specific performance of their [unspecified] agreements with Defendants" regarding prescriptions written by Dr. Feldman. *See id.*

As explained below, Plaintiffs' Complaint against Walgreens should be dismissed with prejudice for failure to state a claim upon which relief can be granted based on the following reasons:  (1) Plaintiffs have pled no factual allegations regarding any instances in which Walgreens either refused to fill a prescription written by Dr. Feldman or placed a restriction on one; and (2) the rights and obligations of pharmacists under federal and state law, including the requirement to exercise independent judgment to ensure proper prescribing and dispensing of controlled substances, effectively preclude Plaintiffs' claim for injunctive and declaratory relief that, if awarded, would require Walgreens to honor Dr. Feldman's prescriptions for all customers regardless of the circumstances.

## II.  ARGUMENT

**A.    Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted**

### 1.    Legal Standard for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief."  *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)(internal quotation omitted).  To survive a 12(b)(6) motion, however, the complaint "must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true raise a right to relief above the speculative level."  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 556 (internal quotation omitted).

A complaint must be dismissed if the plaintiff's factual allegations do not state a claim to relief that is plausible on its face. *See id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court assumes on a motion to dismiss that all facts alleged in the complaint are true, courts need not accept labels or legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555. If the well-pleaded facts only allow a court to infer "the mere possibility of misconduct," the plaintiff has not met its burden to show its entitlement to relief, and the complaint should be dismissed. *Iqbal*, 556 U.S. at 679.

    **2.**    **Plaintiffs Have Failed to Allege Facts Sufficient to State a Claim for Relief Against Walgreens.**

Plaintiffs' Complaint is devoid of any factual allegation in which Walgreens refused to honor a prescription written by Dr. Feldman or placed a restriction on one. Rather, Plaintiffs' Complaint only references a single instance in which another pharmacy (i.e., Fred's of Natchez, Inc.) refused to fill a prescription written by Dr. Feldman for his patient, Robbie Fulton. *See id.* at Exhibit C, p. 12. In a handwritten letter by Mr. Fulton, which is attached as an exhibit to the Complaint, he contends Fred's pharmacy refused to fill one of Dr. Feldman's prescriptions because he (Mr. Fulton) lived more than thirty (30) miles from Natchez. *See id.* Mr. Fulton's handwritten letter does not include any references to, or allegations concerning, Walgreens.

With respect to the claim for injunctive relief, Plaintiffs' Complaint contains no factual allegations regarding any conduct of Walgreens. Instead, Plaintiffs allege no more than conclusions and provide a formulaic recitation of the elements required to obtain an injunction.

Likewise, Plaintiffs pled no factual allegations concerning Walgreens in relation to their request for a declaratory judgment for specific performance of their "agreements" with the defendant pharmacies. Furthermore, no such "agreement" was attached to the Complaint; no terms of the "agreement" were disclosed in the Complaint; and Plaintiffs do not assert a claim for breach of any such "agreement." Indeed, the only facts alleged in the Complaint that refer specifically to Walgreens deal with jurisdiction and its registered agent for service of process. Accordingly, the Plaintiffs' Complaint fails to satisfy the pleading requirements of *Iqbal* and *Twombly* and should be dismissed with prejudice for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

   3.    **The Rights and Obligations of Pharmacists Under Federal and State Law Effectively Preclude Plaintiffs' Claim for Injunctive and Declaratory Relief.**

   Not only have the Plaintiffs failed to plead any specific facts concerning Walgreens that satisfy the pleading requirements, Plaintiffs have not pled a viable cause of action as a matter of law. Plaintiffs do not cite any Mississippi or federal law or some other contractual obligation that imposes a legal duty on Walgreens or its pharmacists to fill all prescriptions written by Dr. Feldman. Walgreens is aware of no such duty. *See Sellars ex rel. Dill v. Walgreen Co.*, 971 So. 2d 1278, 1280 (Miss. Ct. App. 2008)(noting plaintiff had provided no statute, rule, or case to show pharmacy owed legal duty to fill prescription). Plaintiffs' request for injunctive and declaratory relief, however, seeks to impose such a duty and, in doing so, ignores and contradicts Walgreens' rights and obligations under federal and state law.

   For instance, under Mississippi law, pharmacists have "the right not to participate, and no [pharmacist] shall be required to participate" in a health-care service, including the prescribing, dispensing or administering of any drug or medication, that violates their "conscience." Miss. Code Ann. ¶¶41-107-3 and 41-107-5. "Conscience" is defined as the "religious, moral or ethical

4

principles" held by a pharmacy or a pharmacist.  Miss. Code Ann. ¶41-107-3(h).  With respect to

a health-care institution, such as a pharmacy, "conscience shall be determined by reference to its

existing or proposed religious, moral or ethical guidelines, mission statement, constitution,

bylaws, articles of incorporation, regulations or other relevant documents."  *Id.*

In addition, federal regulations require pharmacists to exercise independent judgment for

each prescription to ensure proper prescribing and dispensing of controlled substances.  In this

regard, 21 C.F.R. §1306.04 states:

> A prescription for a controlled substance to be effective must be issued for a
> legitimate medical purpose by an individual practitioner acting in the usual course
> of his professional practice.  The responsibility for the proper prescribing and
> dispensing of controlled substances is upon the prescribing practitioner, but a
> corresponding responsibility rests with the pharmacist who fills the prescription.

21 C.F.R. §1306.04.

With respect to state regulations, Article 8 of the Mississippi Pharmacy Regulations

states the following:

> Before a prescription is dispensed, delivered, or distributed, a pharmacist shall
> review the patient record and each Prescription Drug Order presented for
> dispensing for purposes of promoting therapeutic appropriateness by screening:
>
>      A.  Over-utilization or under-utilization;
>      B.  Therapeutic duplication;
>      C.  Drug-disease contraindications;
>      D.  Drug-drug interactions;
>      E.  Incorrect drug dosage or duration of drug treatment;
>      F.  Drug-allergy interactions; and
>      G.  Clinical abuse/misuse.
>
> Upon recognizing any of the above, the pharmacist shall take appropriate steps to
> avoid or resolve the problem which shall, if necessary, include consultation with
> the prescriber.

Miss. Pharm. Regs., Article VIII, Subsection 3.   Mississippi law also requires the use of a

prescription monitoring program to prevent the abuse of controlled substances, which are the

substances often prescribed as part of Dr. Feldman's practice.  *See* Miss. Code Ann. ¶73-21-127.

5

Misuse of the program or failure to use the program and adequately monitor the use and potential abuse of controlled substances could result in severe consequences for pharmacists, including the loss of a pharmacist's license.  *See* Miss. Code Ann. ¶73-21-127 and Miss. Code Ann. ¶73-21-97.

As demonstrated above, the rights and obligations of pharmacists under federal and state law, including the requirement to exercise independent judgment to ensure proper prescribing and dispensing of controlled substances, effectively preclude Plaintiffs' claim for injunctive and declaratory relief that, if awarded, would require Walgreens to honor Dr. Feldman's prescriptions for all customers regardless of the circumstances.  Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted, and their Complaint should be dismissed with prejudice.

## III.  CONCLUSION

WHEREFORE, for the reasons discussed above, Defendant Walgreen Co. respectfully requests that this Court dismiss the Plaintiff's Complaint with prejudice.

This, the 26th day of January, 2017.

Respectfully submitted,

**WALGREEN CO.**

By:     *s/ Thomas M. Louis*
       Thomas M. Louis (MSB # 9028)
       Roy H. Liddell (MSB # 1252)
       Clint D. Vanderver (MSB # 101997)
       Its Attorneys

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:     (601) 605-6900
Facsimile:     (601) 605-6901
tlouis@wellsmar.com
rliddell@wellsmar.com
cvanderver@wellsmar.com

## **CERTIFICATE OF SERVICE**

I, Thomas M. Louis, attorney for Defendant Walgreen Co., hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Philip C. Hearn, Esq.
Hearn Law Firm
Post Office Box 5009
Jackson, Mississippi 39296

**ATTORNEY FOR PLAINTIFFS**

This, the 26th day of January, 2017.

_____ *s/ Thomas M. Louis* _____
Thomas M. Louis

/257102

7