IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ARNOLD E. FELDMAN, M.D., SOUTHWEST
MISSISSIPPI ANESTHESIA, P.A., and                           PLAINTIFFS
SOUTHWEST MISSISSIPPI ANESTHESIA, P.A.
d/b/a THE FELDMAN INSTITUTE

V.                              CIVIL ACTION NO. 5:17-cv-00009-DCB-MTP

RITE AID HDQTRS CORP. D/B/A RITE AID
PHARMACY; WALGREENS PHARMACY; MISSISSIPPI
CVS PHARMACY, LLC D/B/A CVS PHARMACY;                       DEFENDANTS
FRED'S OF NATCHEZ, INC. D/B/A FRED'S
PHARMACY

ORDER AND OPINION

This cause is before the Court on plaintiffs Arnold E. Feldman, M.D. ("Dr. Feldman"), Southwest Mississippi Anesthesia, P.A., and Southwest Mississippi Anesthesia, P.A., Inc. d/b/a The Feldman Institute (collectively "Plaintiffs")'s Motion to Remand (docket entry 5). Having considered the motion and responses, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Facts & Procedural History

Plaintiff Arnold Feldman, M.D., is a board-certified anesthesiologist with chronic pain management practices located in both Louisiana and Mississippi. Doc. 1-1, ¶ 9. Dr. Feldman's practice groups include The Feldman Institute and First Choice Surgery Center, LLC in Louisiana and Southwest Mississippi Anesthesia Associates located in Natchez, Mississippi. Id. As of

1

October 14, 2016, the Louisiana State Board of Medical Examiners suspended Dr. Feldman's Louisiana medical license for two years. Id. at ¶ 14. Following his suspension, Dr. Feldman "made the decision to continue to expand his practice in Natchez, Mississippi, given that he still maintains a valid Mississippi medical license and a valid DEA prescribing license." Id.

On December 9, 2015, the plaintiffs filed a Complaint in the Chancery Court of Adams County, Mississippi, alleging that the defendant pharmacies have refused to honor, and placed undue restrictions on, Dr. Feldman's prescriptions despite the fact that his Mississippi medical license and DEA prescribing license remain effective. See Doc. 1-1. The plaintiffs seek an injunction to prevent the defendant pharmacies from engaging in this practice, and a declaratory judgment granting the plaintiffs "specific performance of their agreements with Defendants" regarding Dr. Feldman's prescriptions. Id.

On January 19, 2017, defendant Walgreens Co. ("Walgreens") filed a Notice of Removal on the basis of diversity jurisdiction, claiming that plaintiffs' claims against the defendant pharmacies have been fraudulently misjoined.[1] Shortly thereafter on February 1, 2017, Plaintiffs filed their Motion to Remand for lack of subject matter jurisdiction, citing a lack of diversity between

---

[1] Walgreens also filed a Motion to Dismiss (docket entry 3) shortly after removal, to which the plaintiffs have provided no response.

2

the parties and an amount in controversy below the jurisdictional minimum.

## II. Discussion

Defendant Walgreens, as the removing party, bears the burden of proving that federal jurisdiction exists and that removal was proper. Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013). When considering motions to remand, the removal statutes are to be strictly construed against removal, and all ambiguities or doubts are resolved in favor of remand. Wilkinson v. Jackson, 294 F. Supp. 2d 873, 877 (S.D. Miss. 2003) (citing Willy v. Coastal Corp., 855 F.2d 1160 (5th Cir. 1988)).

The removal of cases from state to federal court is governed by 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive interest and costs. 28 U.S.C. § 1332(a). In moving to remand, the plaintiffs contend that neither of the jurisdictional requirements set forth in 28 U.S.C. § 1332(a) has been met.

*A. Diversity of Citizenship*

For the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332(a), complete diversity of citizenship must exist between the parties. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." <u>Vaillancourt v. PNC Bank, Nat. Ass'n</u>, 771 F.3d 843, 847 (5th Cir. 2014). It is undisputed that complete diversity between the parties is lacking, as multiple plaintiffs and defendants are alleged to be citizens of Mississippi.[2] Defendant Walgreens, which is a foreign corporation with its principal place of business in Illinois, urges the Court to exercise diversity jurisdiction over the claims stated against it based on a theory of fraudulent misjoinder. In its Notice of Removal and Response to the plaintiffs' motion, Walgreens asks the Court to sever and remand Plaintiffs' claims against the non-diverse defendants while retaining jurisdiction over Plaintiffs' claims against Walgreens.[3] Should the Court choose to sever the

---

[2] Based on the allegations set forth in the Complaint, Southwest Mississippi Anesthesia, P.A. and Southwest Mississippi Anesthesia, P.A., Inc. d/b/a The Feldman Institute ("The Feldman Institute") appear to be Mississippi residents for diversity purposes. Defendants Mississippi CVS Pharmacy, LLC ("CVS") and Fred's of Natchez, Inc. ("Fred's") are also alleged to be Mississippi corporations.

[3] The Court acknowledges that defendant Rite Aid HDQTRS Corp. d/b/a Rite Aid Pharmacy ("Rite Aid") appears to be a diverse defendant. Rite Aid is alleged to be a foreign corporation with its principle place of business in Pennsylvania. Nonetheless, Rite Aid has not joined in the Notice of Removal, nor has Walgreens presented any argument in favor of retaining jurisdiction over the claims asserted against Rite Aid.

4

plaintiffs' claims, complete diversity would exist between Walgreens and the plaintiffs.

The doctrine of fraudulent misjoinder was first adopted by the Eleventh Circuit in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), and later acknowledged by the Fifth Circuit in In re Benjamin Moore & Co., 318 F.3d 626, 630-631 (5th Cir. 2002) ("fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction"). Apart from mentioning the general principle, the Fifth Circuit has provided scarce guidance as to how the fraudulent misjoinder doctrine should be applied in our courts. Nevertheless, "most district courts within this circuit have taken the position that the Fifth Circuit has adopted, or at least appears to have adopted, Tapscott." Palermo v. Letourneau Tech., Inc., 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008) (collecting cases). When considering the standard by which fraudulent misjoinder should be judged, this Court has

> ...adopt[ed] the fraudulent joinder-like standard for purposes of deciding the fraudulent misjoinder issue... Removal and severance will be allowed only if claims were improperly joined under state law at the action's inception. The standard also protects both the right of a plaintiff to choose his own forum and the right of a defendant to remove to a federal forum when faced with misjoinder in the state court. As long as there is a reasonable possibility that the state court would find joinder proper, the plaintiff's right to a state forum prevails, but if there is no reasonable possibility that

5

the state court would find joinder proper, the defendant is entitled to removal and severance. Under this standard, the lack of a reasonable possibility that the state court would allow the joinder renders the claims or parties "fraudulently misjoined."

Id. at 523-24. Applying the "fraudulent joinder-like" approach previously adopted by this Court and others within the Northern and Southern Districts, the Court considers whether, based on the unique circumstances at issue, there is a reasonable possibility that a Mississippi court would find that Plaintiffs' claims against Rite Aid, CVS, and Fred's pharmacies were properly joined with their claims against Walgreens. See id. at 542 F. Supp. 2d at 523-24; Hampton v. Frost, 2015 WL 11233043, *1 (S.D. Miss. Sept. 24, 2015); see also Sweeney v. Sherwin Williams Co., 304 F. Supp. 2d 868, 872 (S.D. Miss. 2004) ("mere misjoinder is insufficient to raise to the level of fraudulent misjoinder . . . misjoinder must represent totally unsupported, or 'egregious' misjoinder"); Walton v. Tower Loan of Miss., 338 F. Supp. 2d 691, 697 (N.D. Miss. 2004) (noting that fraudulent misjoinder is most appropriate in "cases where it seems clear that the parties were misjoined specifically to defeat diversity jurisdiction as opposed to cases where such an inference is less clear").[4]

---

[4] Courts within this circuit have generally found fraudulent misjoinder in three scenarios: "(1) two or more lawsuits with little or no party overlap have been combined in the same action . . . (2) numerous plaintiffs have sued a common defendant and assert claims that have no shared factual element other than the presence of the common defendant; and (3) a single plaintiff or group of plaintiffs has joined multiple defendants in the same action and is asserting claims against each defendant that are both factually and legally unrelated." Super Truck Stop 35-55, LLC v. Nissi Insurance Solutions, LLC, 2016 WL 5477725,

6

Following much discussion among the district courts, the clear consensus is that Mississippi Rule of Civil Procedure 20, rather than its federal counterpart, should guide the fraudulent misjoinder analysis. See Palermo, 542 F. Supp. 2d at 517; Sweeney, 304 F. Supp. 2d at 875; White v. Emerson, 2017 WL 1095063, *1 (S.D. Miss. Mar. 23, 2017). The Court's inquiry under Rule 20 is two-pronged, examining whether (1) the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants will arise in the action. See Miss. R. Civ. P. 20(a); White, 2017 WL 1095063 at *1. Both prongs of the analysis must be satisfied for joinder to be proper. Nsight Technologies, LLC v. Fed. Ins. Co., 2009 WL 1106868, *3 (S.D. Miss. April 23, 2009). The Mississippi Supreme Court requires finding a "distinct and litigable event linking the parties" in order to satisfy the Rule. Hegwood v. Williamson, 949 So.2d 728, 730 (Miss. 2007). To determine whether a distinct and litigable event is present, Mississippi courts consider

> ... whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however, separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is

---

*7 (N.D. Miss. Sept. 29, 2016) (quoting Tex. Instruments Inc. v. Citigroup Global Markets, Inc., 266 F.R.D. 143, 149 (N.D. Tex. 2010)).

> lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place.

Id. at 730-31 (quoting Ill. Cent. R.R. v. Gregory, 912 So.2d 829, 834-35 (Miss. 2005). "[I]t is also important to consider whether the proof presented to the jury would be confusing due to the multiplicity of facts." Hegwood, 949 So.2d at 731.

The plaintiffs maintain that both prongs of Rule 20 are satisfied in the case sub judice, as all claims are premised on the same equitable theories of relief and arise from a common nexus of fact. Yet, Walgreens responds that Plaintiffs' claims cannot pass muster under the rule because there is no distinct and litigable event linking the parties. According to Walgreens, each defendant is a separate corporate entity acting independently of the others, and any decision to fill prescriptions is based on each pharmacy's unique policies, which are examined on a case by case basis. Thus, Walgreens claims that each defendant's alleged refusal to fill Dr. Feldman's prescriptions must necessarily constitute a separate, distinct event.

Applying Rule 20 to the facts of this case, the Court declines to adopt Walgreens' fraudulent misjoinder theory. Plaintiffs have collectively asserted claims for equitable relief against the defendant pharmacies for refusing to honor Dr. Feldman's prescriptions in Adams County after his Louisiana medical license was suspended. The Complaint does not distinguish among the

defendants, but rather alleges that all of the defendants have engaged in misconduct which has purportedly contributed to some common injury or deprivation of Plaintiffs' rights. The defendants' conduct allegedly occurred within the same county, during the same time period, and involved similar, if not the same, prescriptions written by Dr. Feldman to his non-resident patients. While the Court recognizes that each pharmacy functions as a separate entity exercising independent business judgment, the Court is unwilling to find that the claims against the defendants are so unrelated as to justify severance in this case. The plaintiffs' claims against the defendant pharmacies are factually related insofar as they involve prescriptions written by a single doctor, for a single class of patients, in a single geographic region, beginning after disciplinary action was taken against Dr. Feldman in Louisiana. Moreover, the claims for declaratory and injunctive relief present questions of law common to all defendants, which will likely require similar and overlapping proof. The Court finds that there is a strong probability that a Mississippi court would consider Plaintiffs' claims against the defendants to be properly joined under Rule 20. Thus, the Court concludes that Plaintiffs have met the "reasonable possibility" standard, and Walgreens' fraudulent misjoinder argument must fail, as does the defendant's diversity-based removal under 28 U.S.C. § 1332.

*B. Amount in Controversy*

Having found that Walgreens has failed to establish diversity of citizenship, the Court need not reach the amount in controversy issue. The Court is without subject matter jurisdiction and shall therefore grant the plaintiffs' motion to remand the action to the Chancery Court of Adams County. Plaintiffs' request for attorneys' fees and costs associated with the motion under 28 U.S.C. § 1447(c) shall be denied, as Walgreens had at least some objectively reasonable basis for removal.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the plaintiffs' Motion to Remand (docket entry 5) is GRANTED;

IT IS FURTHER ORDERED that defendant Walgreens' Motion to Dismiss (docket entry 3) is MOOT.

A separate order of remand transferring the above styled and numbered cause to the Chancery Court of Adams County shall issue this day.

SO ORDERED AND ADJUDGED, this the 26th day of April, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE